1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

GERALD VAN HOORELBEKE,

Case No. 2:14-cv-00488-APG-NJK

5

Plaintiff,

6

v.

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND**

7

BUREAU OF PRISONS, ASHLEY DARNELL,

(Dkt. ##23, 33)

8

9

Defendants.

10

11

12

13

    After serving more than 20 years at the Nevada Southern Detention Center, pro se plaintiff Gerald Van Hoorelbeke was transferred to a federal halfway house to serve his remaining time. Shortly after his transfer, the Bureau of Prisons ("BOP") returned Van Hoorelbeke to the detention center because he allegedly fought with another inmate.

14

15

16

17

18

19

    Van Hoorelbeke brought this lawsuit challenging the BOP's decision to put him back into the detention center. He sues the BOP and Ashley Darnell, an employee of the contractor that runs the federal halfway house. Van Hoorelbeke's sole claim is that defendants violated his constitutional right to due process. He alleges he never fought with another inmate, that Darnell lied about the incident, and that the BOP should not have sent him back to the detention center. He asks to either be returned to the halfway house or be given a hearing.

20

21

22

23

24

    Van Hoorelbeke moved to amend his complaint by adding new parties and legal claims, but his factual allegations remain the same.[1] Defendant Ashley Darnell moved for summary judgment, arguing that Van Hoorelbeke's claim fails because, among other things, (1) he has no constitutionally-protected interest in his transfer; and (2) his complaint requests only that he be put back into the halfway house, which has already happened.

25

26

27

28

_____

    [1] (Dkt. ##23, 25.)

1   Van Hoorelbeke's due process claim requires him to identify a constitutionally-protected
2   interest that has been infringed, but he has not done so.  Even if he had, Van Hoorelbeke concedes
3   he has received the relief he requested, so his case is moot.

4   Summary judgment is granted in favor of defendant Darnell.  I also deny Van Hoorelbeke
5   leave to file a new complaint because his proposed amendments would not cure any of the defects
6   in his original complaint.

7   **I.   LEGAL STANDARDS**

8   **A.   Summary Judgment**

9   Summary judgment is appropriate when "the pleadings, depositions, answers to
10  interrogatories, and admissions on file, together with the affidavits, if any, show there is no
11  genuine issue as to any material fact and that the movant is entitled to judgment as a matter of
12  law."[2]  For summary judgment purposes, the court views all facts and draws all inferences in the
13  light most favorable to the nonmoving party.[3]

14  If the moving party demonstrates the absence of any genuine issue of material fact, the
15  burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine
16  issue for trial."[4]  The nonmoving party "must do more than simply show that there is some
17  metaphysical doubt as to the material facts."[5]  It "must produce specific evidence, through
18  affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a
19  reasonable fact finder could find in its favor.[6]

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[5] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[6] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

## II.   DISCUSSION

### A.   Darnell is entitled to summary judgment

Van Hoorelbeke alleges that defendants wrongfully transferred him back to the detention center and unfairly denied him a hearing on the transfer.  His claims fail for at least two reasons: (1) there is no evidence Van Hoorelbeke's constitutional rights were infringed so he cannot bring his due process claim, and (2) he concedes he has already received the only relief he requests in his complaint.[7]

Van Hoorelbeke challenges his transfer under the due process clause of the U.S. Constitution.[8]  He can bring a claim for due process violation only if he first identifies a constitutionally-protected interest that was infringed.[9]  Here, the only interest Van Hoorelbeke identifies is his interest in serving his sentence in a specific penal facility.  But this is not a constitutionally-protected interest.

Prisoners usually have no constitutionally-protected interest in being transferred from one penal institution to another. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated." *Id.*  The exception to this rule is where a state by statute has created a protectable interest against transfers,[10] which Nevada has not done.[11] Because Van Hoorelbeke has no protected liberty interest in his transfer, he therefore cannot

_____

[7] In his response to the motion for summary judgment, Van Hoorelbeke mentions that he would now like to amend his complaint to add new claims for money damages.  Making such a request in a response to defendants' motion for summary judgment is improper.  But even if I were to construe his request as another motion to amend, Van Hoorelbeke provides no allegations indicating he has valid grounds to seek money damages from defendants.

[8] (Dkt. #35.)

[9] *Sandin v. Conner*, 515 U.S. 472, 484-87 (U.S. 1995).

[10] *See, e.g., Hewitt v. Helms,* 459 U.S. 460 (1983).

[11] In fact, Nevada passed a statute settling any doubt about whether it intends to give prisoners a liberty interest in procedures like prison transfers—answering expressly it does not. N.R.S. 209.4888 states that "[i]t is not intended that the establishment or operation of a correctional program creates any right or interest in liberty or property. . . ."

1   allege a violation of his due process rights.

2        Van Hoorelbeke repeatedly states in his response that summary judgment is improper

3   because there are disputes about whether BOP fairly transferred him or provided an adequate

4   hearing about the transfer.  But regardless of why the BOP transferred him or whether it provided

5   a fair hearing, Van Hoorelbeke has identified no liberty interest that would give him a right to

6   these things.

7        Even if Van Hoorelbeke had a right to challenge his transfer, he has already been placed

8   back into the halfway house.[12]  This is all he asked for in his complaint.[13]  I have no power to hear

9   a case where the plaintiff has already received the remedy he requests.[14]  Van Hoorelbeke's claim

10  against Darnell therefore fails for the independent reason that it is moot.

11      **B.**    **Van Hoorelbeke may not file a new complaint**

12       Van Hoorelbeke has moved for leave to amend his complaint.[15]  But his proposed

13  amended complaint does not allege facts that would implicate a protected liberty interest, and it

14  does not request any new relief.  Because his proposed amended complaint would not cure any of

15  the defects in the original complaint, I deny Van Hoorelbeke leave to amend.

16      **C.**    **Summary Judgment against the BOP**

17       Although the BOP did not join Darnell's motion for summary judgment, I may still grant

18  judgment in the BOP's favor after giving Van Hoorelbeke notice and a reasonable time to

19  respond.[16]  Van Hoorelbeke's failure to identify a protected liberty interest and the fact that he has

20  already received the relief he requested both appear to foreclose his claims against the BOP.  Van

21

22

23      [12] Van Hoorelbeke admits in his response that he has been returned to the halfway house.

24  (Dkt. #35 at 4.)

25      [13] (Dkt. #4 at 4.)

    [14] *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974).

26      [15] (*See* Dkt. #23.)

27      [16] Fed. R. Civ. P. 56(f).

28

Hoorelbeke will have 30 days to explain why summary judgment should not be entered in favor of the BOP.  Otherwise, summary judgment will be entered in favor of the BOP as well.

**III.**     <u>**CONCLUSION**</u>

IT IS THEREFORE ORDERED that plaintiff's **motion to amend (Dkt. #23) is DENIED**.

IT IS FURTHER ORDERED that defendant Ashley Darnell's **motion for summary judgment (Dkt. #33) is GRANTED.  The clerk is directed to enter judgment in favor of Darnell.**

IT IS FURTHER ORDERED that plaintiff will have 30 days from the entry of this order to file a brief explaining why summary judgment should not be entered in favor of the Bureau of Prisons.  If plaintiff fails to file that brief, summary judgment will be entered in favor of the Bureau of Prisons.

DATED this 9th day of June, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE